UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN JERMAINE RODGERS,

       Movant,

v.

                                        File No. 1:12-CV-1182

UNITED STATES OF AMERICA,           HON. ROBERT HOLMES BELL

       Respondent.
_____/

## **O P I N I O N**

This matter is before the Court on Movant Kevin Jermaine Rodgers's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1, Mot. Vacate.) For the reasons that follow, this motion will be denied.

**I.**

At the time of arrest, Movant had been convicted of selling cocaine base and was serving a four-year supervised release. Movant sold at least 11.2 grams of cocaine base to one of the Upper Peninsula Substance Enforcement Team's ("UPSET") undercover officers over the course of three transactions. On the third transaction, Movant was arrested. Cristal Abbott, Movant's girlfriend, led UPSET officers to a residence in Ishpeming where Movant rented a room. Officers entered the room pursuant to a valid warrant and found over $12,500 in cash, including marked bills that UPSET had used to purchase cocaine base from Rodgers. (Presentencing Rep.) On November 25, 2008, Movant was indicted on four counts: (1) one count of conspiracy to distribute and to possess with intent to distribute at least 50 grams or

more of cocaine base; (2) two counts of distribution of an unspecified quantity of cocaine base and aiding and abetting; and (3) one count of distribution of 5 grams or more of cocaine base and aiding and abetting. (2:08-CR-56, Dkt. No. 1, Indictment.) A jury found Movant guilty on all counts. (2:08-CR-56, Dkt. No. 196, Verdict.) Movant appealed, and his sentence was affirmed. (2:08-CR-56, Dkt. No. 268, Op.) On October 29, 2012, movant filed the present § 2255 motion.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In reviewing a § 2255 motion where factual disputes arise, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The Court must grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine,* 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### III.

Movant's ineffective assistance of counsel claims pertain to: (1) the search of the Ishpeming residence; (2) Cristal Abbot's testimony; and (3) judgment of acquittal. All of Movant's claims are wholly without merit and will be denied.

Claims of ineffective assistance are analyzed under the two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, defendant must show that counsel's performance fell below an objective standard of reasonableness. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the

3

defendant by the Sixth Amendment. Second, the defendant must show that there is a reasonable probability that, but for the counsel's deficiency, the outcome of the proceedings would have been different. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. Unless defendant makes both showings, it cannot be said that the "conviction resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 694.

When evaluating the assistance of counsel, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Howard v. Bouchard*, 405 F.3d 459, 481 (6th Cir. 2005) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996))."Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments . . . ." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim . . . would disserve the very goal of vigorous and effective advocacy." *Id.* at 754 (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). This high degree of discretion make trial counsel's decisions "particularly difficult to attack . . . ." *McQueen*, 99 F.3d at 1311 (citing *O'Hara v. Wigginton*, 24 F.3d 823, 828 (1994)).

**1. <u>Search of Ishpeming Residence</u>**

Movant contends that Trial Counsel was ineffective for failing to object to the search

of the Ishpeming residence. (Mot. Vacate 11.) Movant asserts that a proper warrant was not obtained because the Judge's signature on the warrant was forged and UPSET officers lied to obtain the warrant. *Id*. These allegations of ineffective assistance of counsel are conclusory and inherently incredible. *See Valentine,* 488 F.3d at 333.

Although Trial Counsel moved to suppress evidence collected at the Ishpeming residence, he did not object on the grounds of forgery and misconduct. (CR-56, Dkt. No. 180, Order Den. Mot. Suppress.) However, Trial Counsel was not required to raise every colorable claim, let alone claims that were frivolous. *See Jones*, 463 U.S. at 754. A claim that a judge's signature was forged is a very serious accusation to make without any support. This Court is not convinced, based on Movant's conclusory and unsupported allegations, that such an objection would have been anything but frivolous. Consequently, not bringing the claim was an appropriate use of Trial Counsel's discretion.

Even if Movant's allegations were credible, Movant makes no allegation that Trial Counsel had any knowledge of the alleged misconduct or should have had such knowledge. It is not objectively unreasonable for an attorney to fail to make objections when he did not know and should not reasonably have known the basis for such objections. Without any allegation that Trial Counsel was aware of any alleged misconduct, or should have been aware, Movant's claim of ineffective assistance of counsel is a conclusion and does not warrant an evidentiary hearing. *See Valentine*, 488 F.3d at 433.

### 2. Witness Testimony

Movant further asserts that Trial Counsel should have moved to suppress Cristal Abbot's testimony, or in the alternative, challenged her testimony as proof of the existence of a conspiracy. (Mot. Vacate 14, 17.) Movant explains that Cristal's testimony was coerced because UPSET officers threatened to have her children taken away if she refused to cooperate. *Id*. Again, Movant provides no support for these conclusory allegations. Trial Counsel is not required to bring every claim, especially a claim with little or no support. *See Jones*, 463 U.S. at 754. Movant's cursory allegations do not show that Trial Counsel's conduct fell below an objective standard of reasonableness.

Even if there was merit to Movant's argument that Cristal's testimony was coerced, Movant has made no allegation that Trial Counsel was aware of this information or should have been aware. Trial Counsel did not provide ineffective assistance for failing to make objections founded on information unknown and not reasonably known to him. Movant is not entitled to relief on his second claim.

### 3. Judgment of Acquittal

Movant finally contends that Trial Counsel was ineffective for failing to move for a judgment of acquittal under Rule 29 and that Appellate Counsel was ineffective for failing to raise Trial Counsel's failure to do so on appeal. (Mot. Vacate 16); Fed. R. Crim. P. 29. Movant asserts that the evidence provided in his previous two claims is so strong that there was insufficient evidence for a trier of fact to return a conviction against him. Movant

continues to rely on conclusory statements. Movant does not allege that either counsel was aware of the information provided in Movant's first two § 2255 claims, and neither Counsel will be held ineffective for failing to raise claims based on information that was not known or reasonably known by them.

Even if Movant's contentions were not conclusory, Trial Counsel's decision not to move for a judgment of acquittal fell well within the discretion granted to a defense counsel. *See Jones*, 463 U.S. at 754. The Sixth Circuit noted that "[t]he record is replete with, not devoid of, evidence pointing to [Movant's] guilt." (2:08-CR-56, Op. 11.) A record fraught with Movant's guilt would lead a reasonable counsel to avoid arguing for a judgment of acquittal and to instead focus on claims with stronger merit. The record strongly pointed to Movant's guilt, not his innocence. Consequently, Trail Counsel's choice not to argue an evidentiary deficiency was by no means objectively unreasonable.

Further, the record blatantly contradicts Movant's contention that Appellate Counsel provided ineffective assistance because he did not raise Trial Counsel's failure to move for a judgment of acquittal on appeal. Appellate Counsel did in fact raise this issue, and the Sixth Circuit discredited the claim. *Id.* No precedent holds that a failure to prevail is sufficient to plead ineffective assistance.

All Movant's ineffective assistance of counsel claims are without merit.

**IV.**

The files and records of the case conclusively show that Movant is entitled to no

7

relief. Consequently, this Court will deny Movant's motion for an evidentiary hearing.

**V.**

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: <u>July 8, 2013</u>                                         /s/ Robert Holmes Bell
                                                                                ROBERT HOLMES BELL
                                                                                UNITED STATES DISTRICT JUDGE